

ORIGINAL FILED

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
ERIC R. DEWALT (State Bar No. 138560)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Plaintiff
DFO, LLC

JUL 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRB

| | |
|---|---|
| DFO, LLC | **CV 08 3390** |
| Plaintiff, | Case No. |
| vs. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, DILUTION, DECEPTIVE TRADE PRACTICES, UNFAIR COMPETITION, BREACH OF FRANCHISE AGREEMENT, BREACH OF PERSONAL GUARANTEE AND INJUNCTIVE RELIEF** |
| RMHNS, INC., RAJNISH SAWHNEY, MEENAKSHI SAWHNEY, RAJEEV CHOPRA, RMHNS ENT., LLC, SAMER ENTERPRISES CORP., IWAMSA ENTERPRISES, INC., AHDI NASHASHIBI, HAROLD H. IWAMASA AND DOES 1 THROUGH 50 | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Comes now Plaintiff, DFO, LLC ("DENNY'S") and states its Complaint against

Defendants RMHNS, INC., RAJNISH SAWHNEY, MEENAKSHI SAWHNEY, RAJEEV

CHOPRA, RMHNS ENT., LLC, SAMER ENTERPRISES CORP., IWAMSA ENTERPRISES,

INC., AHDI NASHASHIBI, HAROLD H. IWAMASA AND DOES 1 THROUGH 50

("Defendants") as follows:

<u>PARTIES</u>

1.    Plaintiff, DFO, LLC ("DENNY'S") is a Delaware limited liability company with

its corporate headquarters and principal place of business in Spartanburg, South Carolina, and is

the successor in interest to DENNY'S INC.

1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2.      On information and belief, defendant RMHNS, INC. is a California corporation having its primary place of business at 1700 Post Street, San Francisco, California and is doing business in this judicial district. On information and belief, defendant RMHNS ENT., LLC is a California limited liability company, defendant SAMER ENTERPRISES CORP. is a California corporation and defendant IWAMSA ENTERPRISES, INC. is a California corporation

3.      On information and belief, defendants RAJNISH SAWHNEY, MEENAKSHI SAWHNEY and RAJEEV CHOPRA are residents of California and are doing business as RMHNS, Inc. On information and belief defendants AHDI NASHASHIBI and HAROLD H. IWAMASA are residents of California.

## JURISDICTION

4.      This Court's jurisdiction arises from that fact that: (a) this is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1221(a) and 29 U.S.C. §§ 1338(a); and (b) certain claims are joined with substantial and related claims under the Trade mark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction conferred by 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367. Venue is proper in this Court under 28 U.S.C. §§ 1391(b). This Court has jurisdiction pursuant to Art. III, §2 of the Constitution of the United States in that plaintiff is a citizen of the state of Delaware and defendants are citizens of the state of California.

## INTRADISTRICT ASSIGNMENT

5.      Pursuant to Civil Local Rule 3-2 (c), assignment is proper in the San Francisco Division, as this action arises in the County of San Francisco.

## COUNT 1: TRADEMARK INFRINGEMENT

6.      DENNY'S re-alleges all of the allegations contained in paragraphs 1 through 5.

7.      DENNY'S either directly or indirectly through authorized licenses, has for many years used the trademark DENNY'S and other related trademarks in association with restaurant services and has extensively advertised using the trademarks nationally, all in connection with DENNY'S franchised restaurants using such marks.

///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

COMPLAINT FOR TRADEMART INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, DILUTION, AND DECEPTIVE TRADE PRACTICES, BREACH OF FRANCHISE AGREEMENT, BREACH OF PERSONAL GUARANTEE

1    8.    DENNY'S trademarks have become well and favorably known to the public and

2 the trademarks have been recognized as designations of quality so that the goodwill represented

3 by such marks is of great value to DENNY'S.

4    9.    Since at least as early as 1963, and since long prior to the acts of defendants

5 complained of in this Complaint, DENNY'S has operated, marketed and franchised restaurants in

6 conjunction with the DENNY'S brand throughout the United States.

7    10.    DENNY'S registered its name and trademark, as well as other trade names,

8 trademarks, service marks, logo types, labels, designs and other identifying symbols in the U.S.

9 Patent & Trademark Office, and those trademarks are now subject to federal trademark

10 Registration Numbers 2653324, 2512281, 2377637, 2372959, 2320275, 2469928, 2469927,

11 1720986, 188675031, 866599, 862087, 1903868, 736161, 1053390, and 740359 for restaurant

12 services. These registrations constitute "conclusive evidence of the validity of the registered

13 mark and the registration of the marks, of DENNY'S ownership of the marks, and DENNY"S

14 exclusive right to use the registered marks in commerce," in accordance with 15 U.S.C. §

15 1115(b), since DENNY'S exclusive right to use its aforesaid trademarks in U.S. commerce is

16 incontestable in accordance with 15 U.S.C. § 1065.

17    11.    Each year DENNY'S and its franchisees sell millions of dollars worth of

18 restaurant goods and services under the DENNY'S brand name and trademark throughout the

19 United States, and DENNY'S spends many millions of dollars to advertise and promote its brand

20 name and trademarks.

21    12.    By virtue of DENNY'S long use, advertising, and promotions, its brand name and

22 trademarks are now famous, representing extremely valuable goodwill owned by DENNY'S.

23    13.    On or about September 24, 1986, DENNY'S franchised a DENNY'S restaurant to

24 defendant IWAMASA Enterprises, Inc., be operated at 1700 Post Street, San Francisco,

25 California. The franchise agreement (#7451) was later assigned through Consent to Assignment

26 of Franchise Agreement dated July 12, 1990, to defendant SAMER ENTERPRISES

27 CORPORATION ("SAMER"). On or about March 3, 2000, defendants RAJNISH SAWHNEY,

28 MEENAKSHI SAWHNEY and RAJEEV CHOPRA and DOES 1 through 50 formed RMHNS

3

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

COMPLAINT FOR TRADEMART INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
UNFAIR COMPETITION, DILUTION, AND DECEPTIVE TRADE PRACTICES, BREACH OF
FRANCHISE AGREEMENT, BREACH OF PERSONAL GUARANTEE

1  ENT, LLC. On about April 2000, Samer assigned its interest in the DENNY'S franchise to

2  RMHNS ENT, LLC. On or about May 10, 2000 defendants RAJNISH SAWHNEY,

3  MEENAKSHI SAWHNEY and RAJEEV CHOPRA and DOES 1 through 50 signed Personal

4  Guarantees in which defendants guaranteed the full performance of, and expressly agreed to

5  adopt and be bound by, each and all of the terms, covenants and conditions of Franchise

6  Agreement #7451, dated September 24, 1986.

7      14.      Thereafter, on or about March 24, 2004, defendant RMHNS, INC. entered into an

8  Assumption of Franchise Agreement By Related Party with DENNY'S whereby defendant

9  agreed to the terms and conditions of Franchise Agreement #7451, dated September 24, 1986.

10  DENNY'S is informed and believes and on that basis alleges that defendant RAJNISH

11  SAWHNEY is the President of RMHNS, INC.

12      15.      The term of Franchise Agreement #7451 expired on April 27, 2008 and it

13  provided no opportunity to renew or extend. On or about October 12, 2007, DENNY'S notified

14  defendants in writing that DENNY'S would not offer defendants a Successor Franchise

15  Agreement.

16      16.      DENNY'S is informed and believes and on that basis alleges that Defendants

17  either jointly or severally, continue to operate a family style restaurant in San Francisco on the

18  site that was formerly the site of the DENNY'S restaurant.

19      17.      Defendants, both jointly or severally, advertise and promote their restaurant with

20  outdoor signs displaying the trademark DENNY'S brand name. DENNY'S is informed and

21  believes and on that basis alleges that defendants, and each of them, promote and advertise their

22  restaurant as a DENNY'S with knowledge of DENNY'S use of and rights in its brand, and for

23  the purpose of trading upon DENNY'S goodwill and giving the Defendants business they

24  otherwise would not have.

25      18.      Defendants, either jointly or severally, advertise and promote their restaurant with

26  outdoor signs displaying the name, the new "Dannys," which by sound, lettering and coloring is

27  confusingly similar to trademarks of DENNY'S. DENNY'S is informed and believes and on that

28  basis alleges that defendants, and each of them, designed or had designed and used the name      4

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1   "Dannys" to promote and advertise their restaurant with knowledge of DENNY'S use of and

2   rights in its brand, and for the purpose of trading upon DENNY'S goodwill and giving the

3   Defendants business they otherwise would not have. The name "Dannys" so resembles

4   DENNY'S federally registered and protected brand name and trademarks that Defendants' use of

5   that name on their signs is likely to cause confusion, and to deceive or mislead consumers into

6   believing that Defendants' restaurant is authorized, approved, sponsored, or franchised by

7   DENNY'S.

8        19.    Defendants have used the DENNY'S brand name and a deceptively similar name

9   with notice of DENNY'S ownership of its brand and trademarks under the Lanham Act, 15

10  U.S.C. § 1072, since Defendants lost their DENNY'S franchise on or about April 27, 2008.

11       20.    DENNY'S is informed and believes and on that basis alleges that defendants have

12  used other trade names, trademarks, service marks, logo types, labels, designs and other

13  identifying symbols owned by or associated with DENNY'S, including photography, similar

14  menu designs, menu items and other goods and services, in an attempt to cause confusion, and to

15  deceive or mislead consumers into believing that defendants' restaurant is authorized, approved,

16  sponsored, or franchised by DENNY'S.

17       21.    In spite of repeated demands by DENNY'S that the defendants de-identify the

18  restaurant, defendants failed to do so. A cease and desist letter was written to defendants on June

19  27, 2008, a copy of which is attached hereto as Exhibit A.

20       22.    Despite actual notice of DENNY'S trademark rights, defendants have declined to

21  cease their infringing activities and continue to use signs containing DENNY'S brand name,

22  signs containing a confusingly similar name and other trade names, trademarks, service marks,

23  logo types, labels, designs and other identifying symbols owned by or associated with

24  DENNY'S.

25       23.    DENNY'S is informed and believes and on that basis alleges that defendants have

26  knowingly adopted and used DENNY'S brand name, trademarks, service marks, logo types,

27  labels, designs and other identifying symbols without DENNY'S consent or authorization.

28  ///                                                                                              5

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    24.    Defendants' acts are likely to cause confusion, mistake, or deception as to the

2  source of origin, sponsorship, or approval of DENNY'S in that customers and others are likely to

3  believe that defendants' restaurant is a DENNY'S restaurant or restaurant of a company

4  legitimately connected with, approved by, related to, or franchised by DENNY'S.

5    25.    Defendants' acts greatly and irreparably damage DENNY'S and will continue to

6  damage DENNY'S unless restrained by this Court and, therefore, DENNY'S is without an

7  adequate remedy at law.

8    26.    Defendants' acts constitute trademark infringement in violation of the Trademark

9  Laws of the United States, 15 U.S.C. §§ 1051-1127, and under the laws of California.

10              COUNT II: FALSE DESIGNATION OF
               ORIGIN AND UNFAIR COMPETITION
11

12    27.    DENNY'S re-alleges the allegations contained in paragraphs 1 through 29.

13    28.    The acts of defendants RMHNS, INC., RAJNISH SAWHNEY, MEENAKSHI

14  SAWHNEY, RAJEEV CHOPRA, RMHNS ENT., LLC, SAMER ENTERPRISES CORP.,

15  IWAMSA ENTERPRISES, INC., AHDI NASHASHIBI, HAROLD H. IWAMASA and DOES 1

16  through 50 constitute false designations of origin in violation of 15 U.S.C. § 1125(a).

17    29.    Defendants' acts constitute unfair competition with DENNY'S in violation of

18  federal law and the laws of California, and result in the unjust enrichment of Defendants.

19              COUNT III: DILUTION

20    30.    DENNY'S re-alleges the allegations contained in paragraphs 1 through 29.

21    31.    DENNY'S brand name and trademarks are famous and distinctive within the

22  meaning of 15 U.S.C. § 1125(c) in this District and throughout the United States in that:

23        (a) The DENNY'S brand name and trademarks are inherently distinct;

24        (b) DENNY'S has made extensive and exclusive use of its brand name and trademarks in

25  association with restaurants for an extended period of time;

26        (c) DENNY'S has extensively promoted its restaurants bearing its brand name and

27  trademarks.

28  ///                                                              6

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

COMPLAINT FOR TRADEMART INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
UNFAIR COMPETITION, DILUTION, AND DECEPTIVE TRADE PRACTICES, BREACH OF
FRANCHISE AGREEMENT, BREACH OF PERSONAL GUARANTEE

1  (d) DENNY'S has used, and is currently using its brand name and trademarks throughout

2  the United States;

3  (e) DENNY'S is currently selling franchises and restaurant services under its brand name

4  and trademarks;

5  (f) DENNY'S has successfully cultivated a high degree of recognition of its brand name

6  and trademarks in the restaurant and food service industry where Defendants are doing business;

7  (g) There is no significant third party use of the DENNY'S brand name and trademarks in

8  the restaurant and food service industry; and

9  (h) DENNY'S brand name and trademarks are covered by a federal registration and/or

10  common law trademarks.

11  32.  The acts of defendants RMHNS, INC., RAJNISH SAWHNEY, MEENAKSHI

12  SAWHNEY, RAJEEV CHOPRA, RMHNS ENT., LLC, SAMER ENTERPRISES CORP.,

13  IWAMSA ENTERPRISES, INC., AHDI NASHASHIBI, HAROLD H. IWAMASA and DOES 1

14  through 50 cause dilution of the distinctiveness of the DENNY'S brand name and trademarks, in

15  violation of 15 U.S.C. § 1125(c).

16  33.  Defendants' use of DENNY'S trade name, trademarks, service marks, logo types,

17  labels, designs and other identifying symbols owned by or associated with DENNY'S in

18  connection with their restaurant and any other restaurants or food service related goods or

19  services constitutes willful dilution of the distinctiveness of DENNY'S famous brand name and

20  trade marks and diminishes their distinctiveness, effectiveness, and prestigious connotations.

21  COUNT IV: UNFAIR COMPETITION, CALIFORNIA BUSINESS & PROFESSIONS

22  CODE §17200

23  34.  DENNY'S re-alleges the allegations contained in paragraphs 1 through 33.

24  35.  California Business & Professional Code §17200, et seq., prohibits unlawful,

25  unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising.

26  Unlawful business activity includes anything that can properly be called a business practice and

27  at the same time is forbidden by law. Defendants' use of DENNY'S trade name, trademarks,

28  service marks, logo types, labels, designs and other identifying symbols owned by or associated 7

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

COMPLAINT FOR TRADEMART INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
UNFAIR COMPETITION, DILUTION, AND DECEPTIVE TRADE PRACTICES, BREACH OF
FRANCHISE AGREEMENT, BREACH OF PERSONAL GUARANTEE

1  with DENNY'S in connection with their restaurant and any other restaurants or food service

2  related goods or services is a violation of California Business and Professional Code §17200 in

3  that it constitutes an infringement of DENNY'S trademark under 15 U.S.C.A. § 1114(1) or other

4  sections of the Lanham Act. (15 U.S.C.A. §§ 1051 et seq.)

5      36.    As a result of defendants' refusal to remove or permanently cover signs and

6  advertisements at their restaurant containing the DENNY'S brand name and trade marks and to

7  remove other DENNY'S trademarks, trade names, service marks, logotypes, labels, designs and

8  other identifying symbols, and to remove signs containing a name that is deceptively similar to

9  DENNY'S and cease other deceptive practices, DENNY'S has been and continues to be damaged

10  by the loss of business to defendants who unfairly and falsely use the DENNY'S brand and

11  trademarks to induce customers to patronize their restaurant. DENNY'S is further damaged by

12  the irreparable harm caused by Defendants' misuse of DENNY'S brand name and trademarks

13  and the false impression that their goods and services are sanctioned by DENNY'S as a

14  DENNY'S franchisee.

15      37.    As a result of defendants' unfair competition, DENNY'S has suffered damages in

16  an amount to be proven at trial, but that is within the jurisdictional limits of this Court.

17              COUNT V: BREACH OF FRANCISE AGREEMENT

18      38.    DENNY'S re-alleges the allegations contained in paragraphs 1 through 37.

19      39.    On or about October 12, 2007, DENNY'S notified defendants and each of them,

20  in writing that DENNY'S would not offer defendants a Successor Franchise Agreement after the

21  term of their Franchise Agreement expired on April 27, 2008. DENNY'S notified defendants in

22  writing on November 28, 2007, January 6, 2008 and March 19, 2008 that the restaurant must be

23  closed and de-identified as a DENNY'S no later than April 27, 2008.

24      40.    Upon expiration or termination of the Franchise Agreement, defendants RMHNS,

25  INC., RAJNISH SAWHNEY, MEENAKSHI SAWHNEY, RAJEEV CHOPRA, RMHNS ENT.,

26  LLC, SAMER ENTERPRISES CORP., IWAMSA ENTERPRISES, INC., AHDI NASHASHIBI,

27  HAROLD H. IWAMASA and DOES 1 through 50 had the contractual obligation to cease using,

28  in any manner and for any purpose, directly or indirectly, and to immediately return to

8

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

COMPLAINT FOR TRADEMART INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
UNFAIR COMPETITION, DILUTION, AND DECEPTIVE TRADE PRACTICES, BREACH OF
FRANCHISE AGREEMENT, BREACH OF PERSONAL GUARANTEE

1  DENNY'S all DENNY'S manuals, trade secrets, proprietary information, rights, interests,

2  policies, procedures, techniques, methods and materials acquired by the franchisee in connection

3  with the franchise relationship established by the Franchise Agreement, including the DENNY'S

4  marks, including without limitation, all trademarks, trade names, service marks, logotypes, labels,

5  designs and other identifying symbols and names pertaining thereto.

6      41.    The Franchise Agreement further required defendants to immediately remove or

7  permanently cover all signs and advertisements identifiable in any way with the DENNY'S brand

8  name and trademarks and to perform such reasonable redecoration and remodeling of the

9  restaurant as is necessary, in DENNY'S judgment, to distinguish it from a DENNY'S restaurant.

10     42.    Defendants have failed to comply with the de-identification requirements of the

11  Franchise Agreement and have failed to remove or permanently cover signs and advertisements

12  associated with or similar to the DENNY'S name and have failed to remove other trademarks,

13  trade names, service marks, logotypes, labels, designs and other identifying symbols and names

14  which are the proprietary intellectual property rights of DENNY'S.

15     43.    Section 21 of the franchise agreement states that "except as otherwise approved in

16  writing by the Company, Franchisee shall not, for a continuous uninterrupted period commencing

17  upon the expiration or termination of this Agreement . . . for two (2) years, thereafter . . . own,

18  maintain, or have any interest in any coffee shop or family style restaurant business which is

19  located within a radius of fifteen (15) miles of the location of the (Denny's) Restaurant."

20  Defendants, and each of them, are in violation of the franchise agreement because they are

21  operating a family style restaurant at the same location as the former Denny's restaurant and are

22  infringing upon the DENNY"S brand and trademarks without DENNY'S permission.

23     44.    Pursuant to Section 22.j. of the Franchise Agreement, DENNY'S is entitled to

24  have and recover from defendants, and each of them, its reasonable attorneys' fees incurred to

25  enforce its rights against defendants and each of them under the agreement.

26     45.    DENNY'S has performed all conditions, covenants, and promises required on its

27  part to be performed in accordance with the terms and conditions of the Franchise Agreement.

28  ///                                                                         9

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

46.    The breach of the Franchise Agreement by defendants, and each of them, has caused damage to DENNY'S in an amount that is in excess of the jurisdiction of this Court.

<u>COUNT VI: BREACH OF PERSONAL GUARANTEE</u>

47.    DENNY'S re-alleges the allegations contained in paragraphs 1 through 46.

48.    On or about May 10, 2000 defendants RAJNISH SAWHNEY, MEENAKSHI SAWHNEY, RAJEEV CHOPRA, and DOES 1 through 50 signed Personal Guarantees in which defendants, and each of them, guaranteed the full performance of, and expressly agreed to adopt and be bound by, each and all of the terms, covenants and conditions of the September 24, 1986 Franchise Agreement for the operation of the DENNY'S restaurant at 1700 Post Street, San Francisco, California. DENNY'S is informed and believe that defendants AHDI NASHASHIBI and HAROLD H. IWAMASA also signed Personal Guarantees in which they guaranteed the full performance of, and expressly agreed to adopt and be bound by, each and all of the terms, covenants and conditions of the September 24, 1986 Franchise Agreement for the operation of the DENNY'S restaurant at 1700 Post Street, San Francisco, California.

49.    Defendants RAJNISH SAWHNEY, MEENAKSHI SAWHNEY, RAJEEV CHOPRA, AHDI NASHASHIBI, HAROLD H. IWAMASA and DOES 1 through 50 have failed to comply with the de-identification requirements of the Personal Guarantees and the Franchise Agreement and have failed to remove or permanently cover signs, advertisements and other trademarks, trade names, service marks, logotypes, labels, designs and other identifying symbols and names which are the proprietary intellectual property rights of DENNY'S.

50.    Pursuant to Section 22.j. of the Franchise Agreement, DENNY'S is entitled to have and recover from defendants, and each of them, its reasonable attorneys' fees incurred to enforce its rights against defendants and each of them under the agreement.

51.    The breach of the Personal Guarantees and the Franchise Agreement by defendants RAJNISH SAWHNEY, MEENAKSHI SAWHNEY, RAJEEV CHOPRA, AHDI NASHASHIBI, HAROLD H. IWAMASA and DOES 1 through 50 has caused damage to DENNY'S in an amount that is in excess of the jurisdiction of the Court.

///

10

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, DILUTION, AND DECEPTIVE TRADE PRACTICES, BREACH OF FRANCHISE AGREEMENT, BREACH OF PERSONAL GUARANTEE

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

COUNT VII: INJUNCTIVE RELIEF

52.    DENNY'S re-alleges the allegations contained in paragraphs 1 through 51.

53.    To remain competitive in a dynamic marketplace, DENNY'S strives to have a uniform and unique image for its restaurants and the DENNY'S brand and marks. DENNY'S engages in institutional advertising, public relations and promotional campaigns designed to promote and enhance the image and value of all DENNY'S restaurants and the DENNY'S brand name and marks. Public recognition of the DENNY'S name and trademarks as unique to DENNY'S is materially important to the financial success of all DENNY'S franchises and to the value and image of the DENNY'S brands name and trademarks. That image and value is harmed when a restaurateur without permission displays signs and other materials bearing the DENNY'S brand name and trademarks, or a name that is deceptively similar to the DENNY"S name and engages in other deceptive practices which gives the general public the impression that the restaurant is being operated as a DENNY'S restaurant.

54.    The Franchise Agreement provides that DENNY'S may obtain injunctive relief to stop any unauthorized or improper use of the DENNY'S brand or trademarks. Section 22.1 of the Franchise Agreement states that:

> Franchisee recognizes the unique value and secondary meaning attached to the Denny's system, its trade names, service marks, trademarks, standards of operation and the trade practices and agrees that any noncompliance with the terms of this Agreement or any unauthorized or improper use will cause irreparable damage to Company and its franchisees. Franchisee therefore agrees that if he should engage in any such unauthorized or improper use, during or after the period of this franchise, Company shall be entitled to both permanent and temporary injunctive relief from any court of competent jurisdiction in addition to any other remedies prescribed by law.

55.    Defendants RAJNISH SAWHNEY, MEENAKSHI SAWHNEY, RAJEEV CHOPRA, AHDI NASHASHIBI, HAROLD H. IWAMASA and DOES 1 through 50 personally guaranteed in writing the full performance of, and expressly agreed to adopt and be bound by, each and all of the terms, covenants and conditions of the Franchise Agreement

///

11

COMPLAINT FOR TRADEMART INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, DILUTION, AND DECEPTIVE TRADE PRACTICES, BREACH OF FRANCHISE AGREEMENT, BREACH OF PERSONAL GUARANTEE

1    56.    DENNY'S has repeatedly requested that defendants perform their obligations

2  under the Franchise Agreement and remove all materials that infringe upon DENNY'S

3  proprietary intellectual property rights, but defendants have refused to do so.

4    57.    Defendants' refusal to cease their infringement upon DENNY'S proprietary

5  intellectual property rights has and will cause irreparable harm to DENNY'S and the DENNY'S

6  brand and marks.  DENNY'S has no adequate remedy at law for the injuries currently being

7  suffered because it will be impossible for DENNY'S to determine the precise amount of damage

8  to its reputation, brand and marks caused by defendants' continued display of the DENNY'S

9  name and service marks.

10                    PRAYER FOR RELIEF

11    Plaintiff prays that:

12    1. Defendants RMHNS, INC., RAJNISH SAWHNEY, MEENAKSHI SAWHNEY,

13  RAJEEV CHOPRA, RMHNS ENT., LLC, SAMER ENTERPRISES CORP., IWAMSA

14  ENTERPRISES, INC., AHDI NASHASHIBI, HAROLD H. IWAMASA and DOES 1 through

15  50, their officers, agents, servants, employees, representatives, attorneys, related companies,

16  successors, assigns and all others in active concert or participation with any of them, be enjoined

17  and restrained during the pendency of this action and permanently thereafter from:

18    (a)  using DENNY'S brand name and trademarks, or any other colorable imitation of

19  DENNY'S brand name and trademarks;

20    (b)  doing any other act or thing likely to induce the belief that defendants' business or

21  goods or services are in any way connected with DENNY'S businesses or goods or services or

22  are sponsored or approved by DENNY'S; and

23    (c)  doing any other act or thing that dilutes DENNY'S brand name and trademarks.

24    2.  Defendants be required to:

25    (a)  account for and pay over to DENNY'S all profits derived by defendants from their

26  complained of acts, in accordance with 15 U.S.C. § 1117, the Franchise Agreement, Personal

27  Guarantees, and California law;

28  ///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

12

1    (b)  pay to DENNY'S the damages it has suffered as a result of the complained of acts of

2  Defendants, in accordance with 15 U.S.C. § 1117, the Franchise Agreement, Personal

3  Guarantees, and California law;

4    (c)  pay to DENNY'S the costs of this action together with DENNY'S reasonable

5  attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117 the Franchise Agreement

6  and Personal Guarantees, and California law;

7    (d)  pay to DENNY'S the damages it has suffered as a result of the complained of acts of

8  Defendants, in accordance with federal law, the Franchise Agreement, Personal Guarantees, and

9  California law;

10    (e)  deliver up for destruction all signs, literature, labels, advertising and other materials

11  of an infringing, misleading, or unfair nature in defendants' possession or control and all

12  templates, models, and other means of making the same, in accordance with 15 U.S.C. § 1118;

13  the Franchise Agreement, Personal Guarantees, and California law; and

14    (f)  file with this Court and serve on DENNY'S a report in writing under oath setting forth

15  in detail the manner and form in which defendants have complied with the terms of any

16  injunction entered by this Court, in accordance with 15 U.S.C. § 1116.

17    3.  DENNY'S have such further relief as this Court deems just and equitable.

18    DEMAND FOR JURY TRIAL

19

20  DATED:  July 14, 2008                  LAFAYETTE & KUMAGAI LLP

21

22

23    GARY T. LAFAYETTE
       ERIC R. DEWALT
24    Attorneys for Defendant
       DFO, LLC

25  N:\Documents\Denn\Sawh\Pldg\Complaint.doc

26

27

28                                                                        13

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

COMPLAINT FOR TRADEMART INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
UNFAIR COMPETITION, DILUTION, AND DECEPTIVE TRADE PRACTICES, BREACH OF
FRANCHISE AGREEMENT, BREACH OF PERSONAL GUARANTEE

Lafayette & Kumagai

Lafayette & Kumagai LLP
Attorneys
100 Spear Street, Suite 600
San Francisco, CA 94105

415.357.4600 TEL
415.357.4605 FAX
www.lkclaw.com

June 27, 2008

<u>Via Hand Delivery and U.S. Mail</u>

Mr. Rajnish Sawhney
Mrs. Meenakshi Sawhney
Mr. Rajeev Chopra
RMHNS, Inc
1700 Post Street
San Francisco, California 94115

Re:    Franchise Agreement #7451 dated September 24, 1986 between
       Denny's, Inc., a California corporation (predecessor of DFO, LLC
       (DFO), a Delaware limited liability company), and IWAMASA
       Enterprises, Inc., later assigned through Consent to Assignment of
       Franchise Agreement dated July 12, 1990, to Samer Enterprises
       Corp., and again later assigned through Consent to Assignment of
       Franchise Agreement dated May 10, 2000 to RMHNS Ent., LLC,
       and assumed by RMHNS, Inc., on March 24, 2004, for the
       operation of a Denny's restaurant (Restaurant) located at 1700
       Post Street, San Francisco, CA

Lady and Gentlemen:

This office represents DFO LLC (DFO), the licensor of Denny's franchise restaurants
and owner of the brand, trademark, service marks, trade names and symbols
associated with Denny's restaurants. We are writing to demand that you cease
operation of a restaurant under the name the new "Danny's" at the site of your former
Denny's restaurant and that you cease displaying Denny's signage at the site. These
and other actions on your part violate federal law as well as breach your continuing
obligations under the Denny's Franchise Agreement. Your refusal to comply with our
demands will result in legal action being taken against you.

As you are aware, the term of your Denny's Franchise Agreement expired on April
27, 2008. You are operating a family style restaurant at 1700 Post Street in San
Francisco, the former site of the Denny's restaurant. Moreover, you have chosen a
name for the restaurant that is so similar to the Denny's brand name that it is sure to
cause public confusion over the identity of your restaurant. Your use of the name
"Danny's" gives the false impression that your goods and services are sanctioned by
DFO as a Denny's franchise and is a violation of federal law.

The Lanham Act (15 U.S.C.A. §§ 1051 et seq.) is the federal statutory law that
regulates the use, registration, and protection of trademarks and trade names. Section
1114(1) of the Lanham Act makes it unlawful to use any copy or colorable imitation

<u>Exhibit A</u>

Mr Rajnish Sawhney
Mrs Meenakshi Sawhney
Mr Rajeev Chopra
June 27, 2008
Page 2

of a registered trademark which is likely to cause confusion. Section 1125(a) of the Lanham Act creates a cause of action for affixing or using a false designation of origin or any false description or representation, including words or other symbols, in connection with goods or services in interstate commerce  The name "Danny's" is identical to Denny's with the exception of one letter  Your use of that name constitutes an infringement of the Denny's brand name, logo, trademark and service mark under 15 U S C A  § 1114(1) or other sections of the Lanham Act  (15 U S C.A §§ 1051 et seq ) You are contributing to the confusion by identifying your restaurant as "Denny's" when answering the telephone    We also understand that you continue to display a Denny's exterior sign at your site   This is a separate violation of the Lanham Act

California Business & Professional Code §17200, et seq , further prohibits unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising.  Unlawful business activity includes anything that can properly be called a business practice and at the same time is forbidden by law  The use of a restaurant name that is substantially similar to the Denny's brand and displaying Denny's signage to induce customers to patronize your restaurant is an unfair business practice in violation of federal law (Lanham Act 15 U S.C A. §§ 1051 et seq.) and therefore is actionable under California Business and Professional Code §17200

Furthermore, the acts referenced above breach the Franchise Agreement   You must comply with Section 19 of the Franchise Agreement, namely you must cease using, in any manner whatsoever, the methods, procedures, and techniques of DFO as well as using all proprietary marks and distinctive names, symbols, logos, insignias, slogans, graphics, devices, signs, advertising materials, displays, stationery forms, and other articles displaying DFO's proprietary marks at the site

You also breached the Franchise Agreement by opening a family style restaurant on the site of a former Denny's restaurant  Section 21 of the Franchise Agreement states that "except as otherwise approved in writing by the Company, Franchisee shall not, for a continuous uninterrupted period commencing upon the expiration or termination of this Agreement .    for two (2) years, thereafter . . . own, maintain, or have any interest in any coffee shop or family style restaurant business which is located within a radius of fifteen (15) miles of the location of the (Denny's) Restaurant." Under the terms of the Franchise Agreement, you are not permitted to operate a family style restaurant at this location without written approval from DFO

As I informed you last March, not only is RMHNS, Inc  liable for obligations of the Franchise Agreement, you are also personally liable under the agreement through your Personal Guarantees  These obligations include without limitation, de-identification of the restaurant, returning all manuals and all other material used in the operation of the Restaurant, including menus, and honoring the non-competition provision of the

Mr Rajnish Sawhney
Mrs Meenakshi Sawhney
Mr. Rajeev Chopra
June 27, 2008
Page 3

franchise agreement   Under the Franchise Agreement and the Lanham Act, DFO can recover from you monetary damages and its attorneys' fees and costs incurred in the prosecution an action to protect its rights, and it is entitled to injunctive relief   Under California Business & Professional Code §17200, DFO is entitled to injunctive relief and the disgorgement of any profits you obtain as a result of the above-referenced unfair business practices

Unless we hear from you immediately and no later than June 30, 2008 by 5:00 p m that you will cease the unlawful conduct referenced in this letter we will file suit against you to enforce the terms of the Franchise Agreement and for damages resulting from you violation of the agreement and applicable federal and state laws

Very truly yours,

LAFAYETTE & KUMAGAI LLP

ERIC R DEWALT

ERD:ba

cc:     Sam Wilensky
        Tim Flemming
        Susan Wallace
        Laura MacDonald
        Ray Moore